**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4150**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOSE LUIS ZUNIGA-RIOS,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:03-cr-00004-6)

Submitted: July 25, 2006                     Decided: August 1, 2006

Before WILLIAMS, MOTZ, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Carol Ann Bauer, Morganton, North Carolina, for Appellant. Amy Elizabeth Ray, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Jose Luis Zuniga-Rios pled guilty pursuant to a written plea agreement to conspiracy to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine and fifty grams or more of a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841, 846 (2000) (Count 1), and possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1), 18 U.S.C. § 2 (2000) (Count 5). The district court sentenced Zuniga-Rios to 120 months' imprisonment on Count 1 and 60 months' imprisonment on Count 5, to be served consecutively, for a total of 180 months' imprisonment, five years of supervised release on each of Counts 1 and 5, to be served concurrently, and ordered payment of a $200 statutory assessment.[*] Zuniga-Rios' counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether the Government breached the terms of the plea agreement when it failed to motion, pursuant to USSG

_____

[*]The probation officer calculated a sentencing guideline range applicable to Zuniga-Rios of 87 to 108 months' imprisonment, plus a mandatory consecutive sentence of not less than five years on the firearm conviction, founded on a total offense level of 29 and a criminal history category of I. However, the statutory mandatory minimum sentence of imprisonment for a violation of 21 U.S.C. § 841(b)(1)(A) is 120 months, plus a mandatory consecutive sentence of not less than 5 years for a violation of 18 U.S.C. § 924(c). U.S. Sentencing Guidelines Manual ("USSG"), §§ 5G1.1(b), 2K2.4, Chapter 5, Part A (2004).

§ 5K1.1, for imposition of a sentence below the applicable sentencing guidelines, and pursuant to 18 U.S.C.A. § 3553(e) (West 2000 & Supp. 2005), to impose a sentence below the statutory mandatory minimum, based on Zuniga-Rios' substantial assistance. Zuniga-Rios was given an opportunity to file a supplemental pro se brief, but has failed to do so.

As a preliminary matter, by the explicit terms of the plea agreement he entered into with the Government, Zuniga-Rios waived his right to appeal his conviction or his sentence, save his right to raise a claim of prosecutorial misconduct or ineffective assistance of counsel. The record reflects that Zuniga-Rios knowingly and voluntarily agreed to this provision. To the extent his assertion on appeal is a challenge to his sentence, we decline to consider it. See United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). To the extent his challenge is based on prosecutorial misconduct, we find no merit to his claim, as we find no unconstitutional motive in the Government's refusal to file a substantial assistance motion where, as here, the refusal is based on the defendant's wilful absconding and attendant unavailability to testify at trial. See Wade v. United States, 504 U.S. 181, 185-86 (1992).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Zuniga-Rios' conviction and sentence.

This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED